*Sept. 27th.*

*Oct. 1st.*

## LESTER DICKINSON *versus* CHARLES S. GRANGER.

A partnership between the plaintiff and the defendant having been dissolved, the plaintiff agreed to pay all the debts against the company, and the defendant agreed, in writing, that a certain sum was the final balance of accounts between them as partners. It was *held,* that the plaintiff might, before paying the outstanding partnership debts, maintain assumpsit against the defendant, to recover the sum thus agreed to be the final balance, the defendant, if compelled to pay any of such debts, having his remedy on the plaintiff's agreement.

ASSUMPSIT to recover a final balance due to the plaintiff, on a settlement of the affairs of a partnership which had existed

Dickinson
*v.*
Granger.

between him and the defendant. The suit was defended by subsequently attaching creditors.

At the trial, before *Wilde* J., the plaintiff produced an agreement signed by the defendant, as follows : " It is hereby agreed, that on the 14th day of October, 1833, there is due to Lester Dickinson the sum of $ 324·49, as the final balance of accounts between us as partners. C. S. Granger." The writ was dated October 15th, 1833. The plaintiff here rested his case.

· The attaching creditors then introduced their evidence, and their counsel argued to the jury, that the foregoing agreement was fraudulent, inasmuch as the proof, that there were outstanding debts against the firm, and the other evidence in the case, showed that the agreement was not entered into until after the commencement of the action. The plaintiff contended, that the jury had a right to infer from the evidence, that before the commencement of the action the partners settled the partnership concerns, and that the plaintiff had agreed to pay the outstanding debts, and that thus the final balance was arrived at, and that from all the evidence it did not appear that the agreement was fraudulent.

The judge instructed the jury, in point of law, that if they should find from the evidence, that before the action was brought, it had been arranged that the sum above mentioned was the final balance by the plaintiff's agreeing to assume the outstanding debts, and if they were convinced that such was the agreement on the part of the plaintiff, they might return a verdict for the plaintiff.

The jury found a verdict for the plaintiff.

Sept 29th.     *H. Morris, Dwight* and *R. D. Morris,* for the creditors, cited *Fanning* v. *Chadwick,* 3 Pick. 420 ; *Williams* v. *Henshaw,* 11 Pick. 79, and 12 Pick. 378.

*Chapman* and *Ashmun,* for the plaintiff, cited *Hobart* v. *Howard,* 9 Mass. R. 304 ; *Brinley* v. *Kupfer,* 6 Pick. 181.

Oct. 1st.     MORTON J. delivered the opinion of the Court. This action is between two persons recently partners, and the object of it is to recover the balance of a partnership account. The question is, whether assumpsit will lie. The subject has often been before the Court, and though our rule, which was adopted

before our chancery jurisdiction was extended to such cases, differs a little from the English and New York rules, yet it is now perfectly well settled and will not be changed. It was definitively laid down in *Williams* v. *Henshaw*, 11 Pick. 82, in which may be seen the principal authorities, as follows, " that *assumpsit* will lie to recover a *final balance* of a partnership account ; and that this extends to all cases in which the rendition of the judgment will be an entire termination of the partnership transactions, so that no further cause of action can grow out of them."

A *final balance*, which of course can never arise till after a dissolution, may be created by the express agreement of the parties, or may grow out of the settlement of the partnership concerns, where the law implies a promise by the partner holding the funds to pay to his copartner one half of all that remains in his hands after the whole transaction is closed, and all the outstanding debts paid off. · Here the jury, under the instructions given to them, found a settlement of the balance and an express promise to pay it. That this promise may be enforced, we have no doubt. On the adjustment, the plaintiff agreed to pay all the outstanding debts. This was not a condition precedent to the undertaking. If the plaintiff neglects to pay them, he will violate this agreement. And if he does this, and the defendant is compelled to pay any of them, he will have an action upon it, and the measure of damages will be, not the one half, as if they were partners, but the whole of the amount paid.

According to these principles were the instructions to the jury  They being correct, and no objection being made to the sufficiency of the evidence to support the verdict, judgment must be rendered upon it.